[Civ. No. 14336.  Second Dist., Div. One.  July 12, 1944.]

DR. D. S. MURDOCK, Respondent, v. OTTO A. GERTH, Appellant.

Otto A. Gerth in pro. per. and Stephen Monteleone for Appellant.

Moidel, Moidel, Moidel & Goldsmith, and Isadore Moidel for Respondent.

WHITE, J.—This is an appeal by defendant from an adverse judgment rendered in an action for malicious prosecution. The case was tried before the court without a jury, resulting in a judgment for plaintiff in the sum of $100 general damages and for the further amount of $775 special damages. The special damages were awarded for "required legal services caused by the action . . . . . of the defendant herein, Otto A. Gerth."

Defendant Gerth has practiced law since 1912, and since 1922 has been and now is an active member of The State Bar of California. Since the last named date he has been engaged in the practice of his profession in the city of Los Angeles.

In connection with the factual background which gave rise to this litigation the record discloses that for some time prior to 1937 plaintiff herein and one Dr. H. H. Wolf, both veterinarians, were associated in the maintenance and operation of a dog and cat hospital in the city of Los Angeles, upon premises for the occupancy of which Dr. Wolf had a lease. The business was apparently a profitable one for the record discloses that the net proceeds therefrom, after paying operating and other expenses, totaled $16,000 per year and that Drs. Wolf and Murdock each received in profits approximately $8,000 per annum.

On June 14, 1937, plaintiff herein, Dr. Murdock, commenced an action in the Superior Court of Los Angeles County against Dr. Wolf for dissolution of partnership and to quiet title. Attorney Gerth, defendant in the instant action, was attorney of record for Dr. Wolf in that proceeding. However, on June 21, Drs. Wolf and Murdock apparently got together themselves and without the aid of counsel prepared and executed the following agreement:

"June 21, 1937

"This agreement entered into between Dr. H. H. Wolf, party of the first part, and Dr. D. S. Murdock, party of the second part, wherein Dr. Murdock agrees to pay Dr. Wolf $7250 for his interest in the dog and cat hospital located at 1713 W. Slauson Avenue, at the rate of $200.00 per month for

the first year, beginning June 17, 1937, and $175.00 per month for the second year, and $100.00 per month thereafter until the $7250.00 has been paid. This is to be a definite bona fide sale of Dr. H. H. Wolf's interests without any provisos whatsoever.

Witness John M. Smith        Signed
                                Dr. D. S. Murdock
                                Dr. H. H. Wolf''

We think from a reading of the record that it is a fair statement to say that upon execution of the foregoing agreement Dr. Wolf turned over to Dr. Murdock the aforesaid dog and cat hospital business. On June 22, 1937, attorney Gerth, the defendant herein, at the suggestion of his client and apparently with the consent of Dr. Murdock, prepared another agreement which was in the nature of a conditional sales contract. By the terms of this agreement Dr. Wolf agreed to sell and Dr. Murdock agreed to buy the aforesaid business for the sum of $7,250, payable in monthly installments, and Dr. Murdock was to take over and have possession of the business from and after said date of June 22, 1937. Both Drs. Wolf and Murdock signed this contract and there was appended thereto an agreement wherein, by his signature, the owner of the leased premises approved the aforesaid agreement and consented to the transfer of responsibility under the lease from Dr. Wolf to Dr. Murdock as lessee.

On the morning of June 23, 1937, Dr. Wolf again consulted his attorney, defendant herein, informed the latter that Dr. Murdock, plaintiff herein, was dissatisfied with the agreement of June 22nd. Thereupon, Dr. Wolf wrote a letter to Dr. Murdock advising that, the latter having stated to Dr. Wolf that he was ''on the advise of your attorney, rescinding the agreement'' of June 22, that ''we will consider the contract mutually cancelled and terminated.''

Following negotiations and correspondence between defendant herein, as counsel for Dr. Wolf, and the attorney representing Dr. Murdock, a final agreement was entered into under date of July 6, 1937, duly executed by Drs. Wolf and Murdock, under the terms of which it was agreed between them that the former sold to the latter all right, title and interest in and to the dog and cat hospital hereinbefore referred to. The agreed purchase price was $7,000, payable at the rate of $200 per month for the first year; $175 per month for the

second year; and $100 per month for the third and final year. The purchaser was to take over immediate control and operation of the business. By its further terms, the agreement provided that, at the expiration of one year, this last mentioned agreement might be "terminated and abrogated should the party of the second part (Dr. Murdock) so elect." Such termination could be effected by Dr. Murdock giving notice in writing to Dr. Wolf 60 days prior to the expiration of one year from the date of execution, of his "desires that this agreement be terminated." In the event Dr. Murdock exercised his option to terminate the contract, it was provided that all future payments thereunder should cease and the business be returned to Dr. Wolf; that "as of such date (date of termination on election) each of the parties will be restored to their respective rights in and to the subject matter of the sale herein that each has on the date hereof."

On May 5, 1938, after the lapse of ten months from the date of execution of the last named agreement, Dr. Murdock elected to and did by due notice to Dr. Wolf rescind and terminate the sales contract of July 6, 1937. After receipt of such notice of termination and rescission, the defendant in the instant action, as attorney for Dr. Wolf, on May 31, 1938, directed a letter to Dr. Murdock which, after acknowledging receipt of such notice, reads in part as follows:

"Your notice confirms information which was recently given us that you had no intention of fulfilling the agreement of July 6, 1937, when you entered into it and that you did so simply for the purpose of relieving yourself from a purchase which you made from Dr. Wolf and from a sale which Dr. Wolf made to you on June 21, 1937. No doubt you and your advisers felt you were clever in resorting to this ruse, yet you have not accomplished any such result.

"In the first place, your action in connection with the contract of July 6, 1937, is fraudulent and you induced Dr. Wolf to enter into that agreement through fraud and that agreement is hereby rescinded on the ground that it was a fraudulent transaction practiced by you upon Dr. Wolf.

"Even though the agreement of July 6, 1937, should be held to be a valid one, your termination of that agreement simply places both you and Dr. Wolf back in the position which you occupied prior to July 6, 1937, and reinstates your then status and such rights as each of you have. . . .

"The contract of July 6, 1937, was and is conditional, giving you the right to terminate it, but not in any way affecting any other agreement entered into between you and Dr. Wolf or changing any status which either one of you had prior to July 6, 1937, . . . I am now definitely informing you that Dr. Wolf stands upon his agreement with you under date of June 21, 1937, whereby he sold you his place of business, lease, equipment and good will for the sum of $7,250.00 payable according to its terms and he hereby demands fulfillment of that agreement."

The letter also informed Dr. Murdock that the payments made by him under the terminated agreement of July 6, 1937, amounting to $2,200, would be credited on the original agreement of June 21, 1937.

On July 6, 1939, defendant herein, as attorney for Dr. H. H. Wolf, caused to be filed in the Superior Court of Los Angeles County a civil action against plaintiff in the instant action, Dr. D. S. Murdock, predicated upon the original agreement of June 21, 1937, by which action it was sought to enforce the terms and conditions of the last mentioned contract.

By his answer in the action just referred to, Dr. Murdock admitted execution of the contract of June 21, 1937, but denied any liability thereunder for the reason "that said document was never acted upon by the parties herein and was mutually cancelled by them within 24 hours of its execution." As affirmative defenses in the same action the defendant therein, Dr. Murdock, alleged cancellation of the contract of June 21, 1937, by and through the hereinbefore mentioned agreement of June 22, 1937, known as the "conditional sales agreement"; that on June 23, 1937, "the plaintiff and defendant did mutually cancel and terminate and end any and all obligations arising out of the written agreement and documents dated June 21, 1937 . . . and June 22, 1937." Defendant Dr. Murdock in said action also filed a cross-complaint for declaratory relief.

Following trial of the action instituted by Dr. Wolf through defendant herein, attorney Gerth, against Dr. Murdock, the court filed the following conclusions of law:

"1. That the plaintiff, H. H. Wolf, is entitled to judgment against the defendant, D. S. Murdock, in the sum of Two Hundred ($200.00) Dollars, together with interest at the rate of 7% per annum from June 17, 1938.

"II. That the plaintiff, H. H. Wolf, is not entitled to judgment against the defendant, D. S. Murdock, for costs.

"Let judgment be entered accordingly."

Based thereon judgment was rendered as follows:

"It is ordered, adjudged and decreed that the contract of June 21, 1937, between the parties hereto and set out in plaintiff's complaint was cancelled and rescinded by said parties on or about June 23, 1937; that no obligation or liability ever accrued under said contract from the defendant to the plaintiff, or otherwise, and that the plaintiff herein, H. H. Wolf, take nothing by his complaint against the defendant, D. S. Murdock, upon that certain agreement dated June 21, 1937, and set forth in plaintiff's complaint herein;

"*It is further ordered, adjudged and decreed that the plaintiff, H. H. Wolf, do have and recover against the defendant, D. S. Murdock, the sum of $200.00, together with interest thereon at the rate of 7% per annum from June 17, 1938, on that certain agreement set forth in the amendments to the answer of D. S. Murdock and dated July 6, 1937, but without costs.*" (Italics added.)

On December 20, 1940, Dr. Murdock as plaintiff commenced the action with which we are here concerned in the Superior Court of Los Angeles County against defendant Otto A. Gerth, who acted as counsel for plaintiff Dr. Wolf in the last above mentioned action. The instant proceeding was for malicious prosecution of the above named action by which it was sought to enforce the provisions and terms of the agreement of June 21, 1937. By his complaint in the case at bar plaintiff alleged that the defendant, Otto A. Gerth, acting as attorney for Dr. Wolf, prepared and caused the above mentioned action to be filed in the Superior Court and alleged in the complaint therein that Dr. Murdock was indebted to Dr. Wolf in the sum of $5,050 pursuant to the terms and conditions of the contract of June 21, 1937; that in preparing, filing and prosecuting said action against Dr. Murdock, defendant herein, as attorney for Dr. Wolf, "acted maliciously and without probable cause . . . and the plaintiff is informed and believes and upon such information and belief alleges that the defendant herein Otto A. Gerth knew that the allegations in the complaint were false"; and further that defendant attorney was aware of the fact that his client who verified said complaint knew that the allegations thereof were false; that in prepar-

ing, filing and prosecuting said action defendant attorney Gerth "intended to harm, harass, vex, annoy and injure plaintiff herein"; that said complaint was prepared, filed and prosecuted by defendant attorney "with malice, and premeditation, and without any cause whatsoever, against the plaintiff herein, Dr. D. S. Murdock."

Following trial of the malicious prosecution action, the court rendered judgment as aforesaid in favor of plaintiff and against defendant attorney. From such judgment the latter prosecutes this appeal.

■ Before an action for malicious prosecution can be maintained, it is essential that the proceeding complained of should have been finally terminated, and terminated in favor of the plaintiff. ■ Respondent urges that the judgment in favor of appellant was not predicated upon the contract of June 21, 1937, upon which appellant relied but was based upon another agreement set forth in amendments to the answer filed by plaintiff in the instant action, viz. the agreement of July 6, 1937. While it is true that the judgment was not based upon the allegations of the complaint prepared by appellant, nevertheless, we are persuaded that, in determining whether a proceeding alleged to have been maliciously prosecuted has been terminated in favor of the party injured by such proceeding, consideration should be given to the judgment as a whole. To hold otherwise would defeat the purpose of the rule which seeks to prevent collateral attack upon judgments of duly constituted courts. Hence, the decree or judgment itself in the former action is the criterion by which to determine who was the successful party in such proceeding. In the instant case, it is at once apparent that the plaintiff in the action complained of actually obtained a judgment against Dr. Murdock, plaintiff in the instant malicious prosecution case for $200. True, such sum was only a small part of the amount sued for. Nevertheless, it is conclusive proof that there was an obligation on the part of Dr. Murdock to Dr. Wolf that was due and unpaid. The situation is not altered by the fact that the theory of plaintiff in the prior action was not adopted by the trial court. The fact remains that the judgment, framed upon the pleadings filed and the issues raised thereby, was not in favor of the defendant therein. By said judgment the defendant was required to pay plaintiff the sum of $200, and such judgment in favor of plaintiff was

satisfied of record. ██ Plaintiff in the prior action having obtained a judgment therein against the defendant, it must be held that there was probable cause for instituting the action. Therefore the plaintiff in the instant action has not sustained the indispensable burden cast upon him in a malicious prosecution action to prove that defendant herein when he prepared and filed the prior suit acted without probable cause.

██ Furthermore, on the issue of probable cause, the record herein reveals that defendant Gerth, as attorney for Dr. Wolf in the prior action, took the position that in none of the subsequent agreements was there any declaration that such agreements were made with the intent to extinguish the contract of June 21, 1937, upon which the lawsuit was based. In that connection it is noteworthy that in the agreement of June 23rd it is expressly provided that said agreement would cancel the contract of the preceding day, while the agreement of July 6, 1937, was specifically rescinded by Dr. Murdock.

Prior to filing the action complained of, appellant herein prepared a lengthy brief in which he reviewed the legal aspects of the contemplated action based upon the validity of the original contract of June 21, 1937. This brief was introduced into evidence at the trial of the malicious prosecution action with which we are here concerned. The authorities therein contained lend strength to appellant's claim that he honestly believed that the validity of the agreement of June 21, 1937, presented at least a debatable legal question in view of the contents thereof and of the disposition that was made of subsequent agreements. Defendant attorney in the instant action also contended that the contract of July 6, 1937, abridged the provisions of sections 1709 and 1710 of the Civil Code, in that Dr. Murdock negotiated and entered into said contract without any intention of complying with the terms and conditions thereof.

██ "Probable cause" for the institution of an action does not mean "legal cause" therefor, because, if it did, every plaintiff who failed to recover in his lawsuit would be liable to an action for malicious prosecution. "Probable cause" has sometimes been defined as "reasonable cause"; and in the case of both civil and criminal prosecutions has been further defined to be an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to

warrant the average person in believing the charge to be true.

The existence of probable cause is a question of law for the court, and in the case at bar, aside from the fact that plaintiff therein did not, as we have held, obtain a judgment in the original action, which fact is of itself conclusive evidence of probable cause for instituting the action, we are not impressed that there was otherwise, sufficient evidence to support an inference of lack of probable cause. The motives for instituting the prior action become unimportant if probable cause existed for the commencement of the suit in question.

It would be inimical to the administration of justice if an attorney were to be held liable to a malicious prosecution action where, after an honest, industrious search of the authorities, upon facts stated to him by his client, he advises the latter that he has a good cause of action, although the courts upon a trial of such action decide that the attorney's judgment was erroneous. If the issue which the attorney is called upon to decide is fairly debatable, then under his oath of office, he is not only authorized but obligated to present and urge his client's claim upon the court. And if it subsequently is determined that the position honestly taken by the attorney was erroneous he should be relieved from responsibility.

In the instant case we find no substantial evidence that the defendant attorney did more than in good faith urge upon the court the claims of his client, and the view of the law favorable to the interests of his client. Indeed, at the trial of the malicious prosecution action, the plaintiff therein did not take the witness stand and the only oral evidence with reference to motive and intent was given by the defendant attorney himself. Because, by the decision of the court, defendant attorney's theory of the law was held to be erroneous, but his client obtained a judgment upon another theory framed by the pleadings and sustained by the evidence the attorney may not be held answerable for malicious prosecution of the action in question. It is undoubtedly for this reason that, in determining whether the plaintiff or prosecutor in a given action acted with requisite belief, knowledge and prudence in the institution thereof so as to absolve him from the charge of want of probable cause, the law prescribes as one of two main facts, the existence of either of which, if proven, is held to be sufficient to establish probable

cause, the following: That such plaintiff acted in the institution of the complained of action upon the opinion and advice of counsel to the effect that he had a good cause of action after laying all of the facts of the case, in good faith, before said counsel. If a plaintiff acting upon such advice commences his action it has been held that probable cause therefor is established (*Johnson* v. *Southern Pac. Co.*, 157 Cal. 333 [107 P. 611].) However erroneous, from a legal standpoint, such advice might subsequently prove to be, its solicitation, based upon an honest statement of the facts, would be a complete defense for the attorney's client in a malicious prosecution action. ▮ When the advice to the client is honestly, though mistakenly given by an attorney, the same immunity from liability for malicious prosecution should attach to him.

For the foregoing reasons the judgment is reversed.

York, P. J., and Doran, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 30, 1944.