[Civ. No. 32957.   Second Dist., Div. Five.   Sept. 19, 1969.]

HARVEY BRINKLEY et al., Plaintiffs and Appellants, v. BERTRAND B. APPLEBY, Defendant and Respondent.

Bolton & Moore and John C. Moore for Plaintiffs and Appellants.

Leslie C. Burg and Abe Mutchnik for Defendant and Respondent.

STEPHENS, Acting P. J.—This is an action for malicious prosecution. Judgment was in favor of the defendant, and the plaintiffs appealed.

A brief summary of facts is all that is required in determining the basic issue presented on appeal, namely, is the defense of reliance upon advice of counsel established by the evidence?

In 1962 defendant purchased a piece of property adjacent to that of plaintiffs. Defendant placed a new structure on his land. A new fence was constructed along what defendant believed was his property line; plaintiffs contended that the fence encroached about 5 feet upon their land. An action in quiet title was filed by plaintiffs, and after trial, plaintiffs prevailed, i.e., defendant's fence was on plaintiffs' land. Defendant appealed from this judgment (action No. SW C 2615). but did not perfect that appeal. In addition to the appeal, defendant's attorney (Hirsch) filed an unverified complaint alleging a prescriptive easement in defendant (then plaintiff) in the property of plaintiffs (then defendants). Hirsch also recorded a lis pendens in conjunction with this new action (No. 857632). The claim of easement was bottomed upon the fact that certain sewer and utility lines used by defendant (then plaintiff) and his predecessors were located within the 5-foot. disputed portion of plaintiffs' land. Plaintiffs (then defendants) demurred to action number 857632,

and it was sustained without leave to amend. The appeal from action number SW C 2615 having not been perfected, and action number 857632 being terminated by the demurrer, plaintiffs filed this cause of action for malicious prosecution based upon action number 857632. Damages were adequately alleged in the instant action.

The defendant's defense is that he relied upon the advice of his attorney in authorizing the filing of action number 857632, and so far as the lis pendens is concerned, he had never heard of such a thing prior to the trial of the instant action. The trial court accepted the contentions of defendant, and we are limited in our review to ascertaining whether there is a sufficiency of evidence to sustain the judgment. We conclude that there is.

There is no dispute as to the applicable law. The elements of the tort of malicious prosecution are set forth in 2 Witkin, Summary of California Law (1960) section 97, pages 1268-1269 as follows: "(1) *Favorable termination* of the prior proceeding." There is no question but that this element is established. "(2) *Lack of Probable Cause.*" Reliance upon the advice of counsel, in good faith and after full disclosure of the facts, customarily establishes probable cause. "(3) *Malice.*" We need not determine whether the action taken by defendant in the instant case was instituted with a design by defendant to injure, or for some other evil or sinister purpose (32 Cal.Jur.2d, Malicious Prosecution, § 20, p. 64), since we find there is lacking the element numbered (2), i.e., lack of probable cause.

The contention of plaintiffs is that element (2) is established because defendant did not act in good faith after "full disclosure of the facts" to his counsel. Though the evidence may be subject to different inferences, that adopted by the trial court is amply supported by the evidence.

Hirsch was fully informed as to the facts; but plaintiffs argue in their reply brief that, having full knowledge he "knew or should have known that it was inappropriate to file the matter because there had been a failure of occupancy for the statutory period" and "that notice or knowledge must be imputed to [defendant], notwithstanding the fact that he did not read the pleadings or that he did not suppress the facts."

What the plaintiffs seek to do by this argument is to effectively void the defense of reliance upon the advice of counsel. In *Kassan* v. *Bledsoe*, 252 Cal.App.2d 810, 816 [60 Cal.Rptr. 799], it is stated: "It is essential to the plaintiff's case that

there be substantial evidence to create . . . an inference of lack of probable cause. (*Neblett* v. *Elliott,* 46 Cal.App.2d 294, 305-306 [115 P.2d 872].)

■ " 'It would be inimical to the administration of justice if an attorney were to be held liable to a malicious prosecution action where, after an honest, industrious search of the authorities, upon facts stated to him by his client, he advises the latter that he has a good cause of action, although the courts upon a trial of such action decide that the attorney's judgment was erroneous. If the issue which the attorney is called upon to decide is fairly debatable, then under his oath of office, he is not only authorized but obligated to present and urge his client's claim upon the court. And if it subsequently is determined that the position honestly taken by the attorney was erroneous he should be relieved from responsibility.' (*Murdock* v. *Gerth,* 65 Cal.App.2d 170, 179 [150 P.2d 489]).

■ "If a plaintiff acts in the institution of the complained-of action upon the opinion and advice of counsel to the effect that he had a good cause of action after laying all of the facts of the case, in good faith, before said counsel, it is held that probable cause therefore is established. (*Johnson* v. *Southern Pac. Co.,* 157 Cal. 333 [107 P. 611].) 'When the advice to the client is honestly, though mistakenly given by an attorney, the same immunity from liability for malicious prosecution should attach to him.' (*Murdock* v. *Gerth, supra,* 65 Cal.App.2d 170, 180.) "

■ There can be no imputation to a client of his attorney's misconceived legal analysis so as to void the client's good faith reliance on his counsel's advice as providing probable cause. (*Walker* v. *Jensen,* 95 Cal.App.2d 269, 274 [212 P.2d 569].) Numerous other authorities in California and elsewhere support the rule that in defense of an action of malicious prosecution, where the defendant solicits the advice of an attorney and makes a full and fair statement of all material facts with respect to an alleged criminal charge, and *in good faith* accepts the advice of counsel that he has a meritorious cause, it must be presumed that he has "made out a complete defense to the action." ■ " 'Reliance upon the advice of counsel, provided it is given in good faith and is based upon a full and fair statement of the facts by the client, may afford the latter a complete defense to an action for malicious prosecution.' (*Masterson* v. *Pig 'N Whistle Corp.,* 161 Cal.App.2d 323, 339 [326 P.2d 918] (1958). Followed in

*Pasadena Petroleum Corp.* v. *Hughes,* 216 Cal.App.2d 666, 672 [31 Cal.Rptr. 87] (1963).)'' (41 State Bar J. (Jan.-Feb. 1966) p. 62; see also Rest., Torts, § 675, especially com. (g); also, 32 Cal.Jur.2d, Malicious Prosecution, § 25, pp. 74-76.)

In the opening brief of plaintiffs, it is stated: '' [Plaintiffs] do not quarrel with the rule that the good faith of the attorney is immaterial, but suggest that the same has no application to the case at bar because [defendant] was informed by his attorney not only about the lis pendens but also that [plaintiffs] had opened an escrow to refinance their property and that [defendant's] action (case number 857632) would disparage [plaintiffs'] title and prevent his escrow from closing.''[1]

The argument that the action taken was known to be injurious to plaintiffs here does not negate the right of the defendant here to continue his action relying on his counsel's advice of the action's propriety.

In the ''Conclusion'' of plaintiffs' reply brief it states: ''About the only defense that can be gleaned from the [defendant's] brief is that [defendant] did not know the legal requirements to establish an easement by prescription, and therefore relied in good faith upon Hirsch's advice that there was a sufficient factual background to sustain prosecution of the action. However, it is undisputed that attorney Hirsch informed the [defendant] of the pleadings and of the lis pendens within a reasonable time after the same were filed, yet [defendant] made no motion to strike or to dismiss the pleadings or did any other act to disaver Hirsch's authority. Should it be determined that attorney Hirsch was negligent in failing to know that there was not a sufficient factual background to support the action, such negligence is imputed to [defendant].''

As we have above stated, the premise in the last sentence of the quoted ''Conclusion'' cannot be sustained unless the evidence were to establish that the defendant *could not* and *did not* rely in good faith upon his counsel's advice. There is no such evidence in the case before us.

The judgment is affirmed.

Aiso, J., and Reppy, J., concurred.

---

[1]To follow this line of reasoning requires the imputation of superior technical knowledge to the client than that possessed by his lawyer.