DATO, J.
*63 To prevail in a malicious prosecution action under California law, a malicious prosecution plaintiff (the defendant in the underlying action)
*64 must show that (1) the plaintiff in the underlying action pursued a claim with subjective malice, (2) the claim was brought without objective probable cause, and (3) the underlying action was terminated on the merits in favor of the defendant. The issue in this case is a seemingly simple one. The plaintiff in the underlying action brought multiple claims and lost many, perhaps most of them, but prevailed on at least one. Can the defendant bring a malicious prosecution action by showing that some of the claims were malicious and lacked probable cause, but without showing a "favorable termination" of the entire underlying action?
In many respects, the answer likewise appears simple. In its most recent discussion of the issue, the California Supreme Court emphasized that "lack of probable cause" and "favorable termination" were distinct requirements in a malicious prosecution action: " '[T]hat a malicious prosecution suit may be maintained where only one of several claims in the prior action lacked probable cause [citation] does not alter the rule there must first be a favorable termination of the entire action.' " ( Crowley v. Katleman (1994) 8 Cal.4th 666, 686, 34 Cal.Rptr.2d 386, 881 P.2d 1083 ( Crowley ).) Thus, if the defendant in the underlying action prevails on all of the plaintiff's claims, he or she may successfully sue for malicious prosecution if any one of those claims was subjectively malicious and objectively unreasonable. But if the underlying plaintiff succeeds on any of his or her claims, the favorable termination requirement is unsatisfied and the malicious prosecution action cannot be maintained.
In this case, John and Denise Lane jointly owned a piece of rural property together with Denise's mother, Joan Bell. In 2011, the Lanes filed a lawsuit (the property action) against Bell arising out of disputes over the property. (See Lane v. Bell (Jan. 8, 2015, D064651) 2015 WL 122178 [2015 Cal.App. Unpub. Lexis 78] ( Lane I ).) Bell cross-complained, seeking among other things a declaration of the extent of her interest in the property and an order for partition. The Lanes prevailed on most of Bell's claims, but a judgment was ultimately entered in Bell's favor valuing her interest in the property and granting her claim for partition. Because Bell prevailed on at least one of her claims, the *607 seemingly simple answer-the conclusion reached by the trial court-is that the Lanes cannot demonstrate a "favorable termination" of the underlying action, which is fatal to their malicious prosecution action.
What appears to be simple becomes more complicated because the Crowley discussion is technically dicta; in Crowley there was no question that the underlying action in its entirety had terminated favorably to the defendant. ( Crowley , supra , 8 Cal.4th at p. 676, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) Further muddying the waters is a 60-year-old Supreme Court opinion relied on heavily by the Lanes- Albertson v. Raboff (1956) 46 Cal.2d 375, 295 P.2d 405 ( Albertson )-which *65 seems to hold that, at least in certain cases, a malicious prosecution plaintiff can satisfy the "favorable termination" element by succeeding on some causes of action in the underlying case, even though a partial judgment was entered against him or her on a different claim. ( Id. at p. 382, 295 P.2d 405.) The Lanes thus suggest we should decline to apply the dicta of Crowley in favor of their reading of Albertson 's holding.
To do so, however, would require that we ignore two relatively recent decisions by this court that follow Crowley on this very point, albeit without recognizing the potential conflict with Albertson . More importantly, the rule urged by the Lanes would conflate two separate elements in a malicious prosecution claim, effectively eliminating any requirement that the entire underlying action terminate in the defendant's favor.
In the absence of further guidance from the Supreme Court, we believe Crowley correctly addresses the issue, and the trial court properly relied on Crowley in granting summary judgment. Accordingly, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
1. The Underlying Dispute and the Property Action
In 1987, John Lane acquired the property and ultimately conveyed an undivided one-half interest to Bell. Concurrently with that transfer, the Lanes and Bell entered into a Joint Venture Agreement (JVA) defining the parties' anticipated rights and responsibilities. Under the JVA, the parties would seek approval for a lot split which, if successful, would leave Bell with the upper lot and the Lanes with the lower lot. The Lanes were responsible for processing the lot split application, and the parties would equally divide the associated costs and common expenses for the land. The parties also agreed that if the lot split was denied, each would have a right of first refusal to purchase the other's interest in the land.
Bell moved onto the upper lot in 1989 and lived on the land in a recreational vehicle through 2010. Although they did everything required of them under the JVA, the Lanes were ultimately unable to accomplish a lot split because of intervening legislation. They also failed to obtain county approval for a "granny flat" for Bell-with a separate kitchen-attached to the vacation home they were preparing to build on the property.
Shortly thereafter, Bell sought the help of a friend, Jerry Michael Suppa, who was of counsel to a law firm that ultimately represented Bell in the property action. Suppa told John Lane that Bell was entitled to the house and *66 wanted a quarter of a million dollars. He threatened Lane with elder abuse charges and financial ruin if he did not capitulate.
Meanwhile, based on a revised set of plans, the Lanes began construction of a home without a granny flat. By late October *608 2010, the residence had been sufficiently completed to permit the Lanes to obtain a certificate of occupancy. During this same period, the parties negotiated a buy-out agreement under which they would dissolve the JVA, hire an appraiser to value the land, and have the Lanes purchase Bell's interest. When negotiations on the buy-out stalled, the Lanes filed the property action against Bell. They alleged claims for breach of contract, negligent misrepresentation, breach of the promissory note, and three causes of action seeking to quiet their title as against Bell's claims. In response, Bell filed her cross-complaint, upon which the Lanes' current action for malicious prosecution is predicated, which alleged claims for breach of contract, violation of the implied covenant of good faith, elder abuse, fraud, intentional infliction of emotional distress, and declaratory relief/partition.
At trial in the property action, the claims raised by Bell's cross-complaint against the Lanes resulted in a judgment granting some of the relief sought by Bell. On Bell's claim for declaratory relief/partition, the court concluded that Bell and the Lanes each had an interest in the property; it valued Bell's gross share in the property at $177,500 and the Lanes' gross share at $382,500. Granting Bell's claim for partition, the court determined her net share[1] to be $44,787, and ordered that the Lanes had the right to acquire Bell's interest in the property upon payment to her of that amount. The Lanes prevailed on all of the remaining claims in Bell's cross-complaint, including her causes of action for elder abuse and intentional infliction of emotional distress.[2]
2. The Malicious Prosecution Action
Following judgment in the property action, the Lanes filed this action for malicious prosecution based on the portion of Bell's cross-complaint that asserted claims for elder abuse and intentional infliction of emotional distress. Bell initially defended by moving to strike the complaint pursuant to the *67 anti-SLAPP (Strategic Lawsuit Against Public Participation) statute ( Code Civ. Proc., § 425.16 ), but the trial court denied the motion and this court in Lane I affirmed that order on appeal. Bell thereafter moved for summary judgment, asserting (among other things) that under the rationale of this court's decision in StaffPro, Inc. v. Elite Show Services, Inc. (2006) 136 Cal.App.4th 1392, 39 Cal.Rptr.3d 682 ( StaffPro ) the Lanes could not demonstrate the "favorable termination" element for a malicious prosecution claim. In this regard, Bell contended the Lanes were required to show they prevailed on all -and not just some-of the claims asserted against them. Because Bell prevailed on her causes of action for declaratory relief and partition, she urged that the property action did not terminate in favor of the Lanes. Opposing the motion, the Lanes argued it was sufficient that *609 they prevailed on a discreet portion of the underlying action.[3]
The trial court granted Bell's motion for summary judgment. It noted that the judgment in the property action showed Bell prevailed on part of her cross-complaint (as well as on many claims interposed by the Lanes' complaint). Under StaffPro , Bell's partial success precluded the Lanes from establishing "favorable termination" of the underlying action.
DISCUSSION
A claim for malicious prosecution requires that the plaintiff demonstrate (1) the defendant brought (or continued to pursue) a claim in the underlying action without objective probable cause, (2) the claim was pursued by the defendant with subjective malice, and (3) the underlying action was ultimately resolved in the plaintiff's favor. ( Sycamore Ridge Apartments, LLC v. Naumann (2007) 157 Cal.App.4th 1385, 1398, 69 Cal.Rptr.3d 561.) A plaintiff must establish all three elements. ( Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 871-872, 254 Cal.Rptr. 336, 765 P.2d 498 ( Sheldon Appel ).) If the defendant's summary judgment motion conclusively negates any one of the elements, the motion is properly granted. ( Tool Research & Engineering Corp. v. Henigson (1975) 46 Cal.App.3d 675, 678, 120 Cal.Rptr. 291, disapproved on other grounds in Sheldon Appel , at p. 883, fn. 9, 254 Cal.Rptr. 336, 765 P.2d 498.) Here, the trial court granted Bell's motion for summary judgment because it determined that the judgment in the underlying action precluded the Lanes from establishing "favorable termination" of that action.
*68 A. Favorable Termination
"Favorable termination ... is an essential element of the tort of malicious prosecution, and it is strictly enforced." ( Ferreira v. Gray, Cary, Ware & Freidenrich (2001) 87 Cal.App.4th 409, 413, 104 Cal.Rptr.2d 683.) Noting that " 'the theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused,' " the Supreme Court in Casa Herrera expressly stated that "[t]o determine 'whether there was a favorable termination,' we 'look at the judgment as a whole in the prior action .' " ( Casa Herrera, supra , 32 Cal.4th at p. 341, 9 Cal.Rptr.3d 97, 83 P.3d 497, italics added.) The basic question presented here is whether a partial victory by the malicious prosecution plaintiff in the underlying action can satisfy the favorable termination element where the malicious prosecution defendant also obtained a partial victory in the underlying action.
As previously noted, this issue is framed by two Supreme Court cases decided nearly 40 years apart- Crowley , supra , 8 Cal.4th 666, 34 Cal.Rptr.2d 386, 881 P.2d 1083 and Albertson , supra , 46 Cal.2d 375, 295 P.2d 405. Yet even before Albertson was decided in 1956, it was well settled that the "favorable termination" element in a malicious prosecution action required an assessment of the judgment as a whole in the prior action. In Murdock v. Gerth (1944) 65 Cal.App.2d 170, 150 P.2d 489 ( Murdock ), the underlying plaintiff (Wolf) sued the underlying defendant (Murdock) to collect the entire balance due on the original contract, which assertedly obligated Murdock to purchase a business. Murdock *610 claimed the original contract had been superseded by a later agreement placing more limited obligations on him. The judgment in the underlying action found in favor of Murdock as to Wolf's claim on the original contract, but awarded Wolf a small recovery against Murdock for the unpaid amount due under the later superseding agreement. Murdock then sued Wolf's attorney for maliciously prosecuting the underlying claim on the original contract, and the trial court found for Murdock on his malicious prosecution claim. ( Id. at pp. 174-177, 150 P.2d 489.) The appellate court reversed the judgment based in part on its conclusion that the favorable termination element was absent. It explained that "in determining whether a proceeding alleged to have been maliciously prosecuted has been terminated in favor of the party injured by such proceeding, consideration should be given to the judgment as a whole." ( Id. at p. 177, 150 P.2d 489.) It is the "judgment itself" in the prior action that is "the criterion by which to determine who was the successful party in such proceeding." ( Ibid. ) Because the judgment as a whole showed the underlying plaintiff had been awarded a partial recovery, even though it was "[t]rue [the recovery] was only a small part of the amount sued for," the action did not terminate in favor of the defendant. ( Ibid. )
Decided 12 years after Murdock , Albertson 's discussion of the favorable termination requirement arose in an unusual context. The underlying action *69 filed by Raboff against Albertson pleaded two claims. Raboff sought (1) a money judgment on a debt owed to him, and (2) a lien on real property allegedly pledged by the original debtor to secure the debt or, in the alternative, a declaration that the transfer of the property by the original debtor to Albertson was a transfer in fraud of creditors. Raboff filed a lis pendens in connection with the latter claims. Although Raboff prevailed on the first claim to collect on the debt, Albertson defeated the lien claim and subsequently sued Raboff alleging disparagement of title based on the recording of the lis pendens. ( Albertson , supra , 46 Cal.2d at pp. 377-378, 295 P.2d 405.) The Supreme Court's principal concerns were: (1) whether Albertson's complaint alleging disparagement of title based on the recording of a lis pendens could properly plead a claim based on an act that was subject to the absolute privilege under Civil Code section 47 ( id. at pp. 378-382, 295 P.2d 405 ); and (2) if not, could the complaint nevertheless be construed as asserting a claim for malicious prosecution, which is not subject to the absolute privilege ( id. at pp. 382-385, 295 P.2d 405 ).
Before addressing those issues, the court first considered Raboff's argument that Albertson's malicious prosecution complaint was premature because, at the time it was filed, there was still an appeal pending from the underlying judgment. Albertson rejected that argument because the appeal challenged only the money judgment in favor of Raboff. "That part of the judgment was severable from the part that determined that [Raboff] had no interest in or right to a lien upon plaintiff's real property. No appeal was taken from the latter part of the judgment, and it became final. ... [Citations.] Plaintiff's complaint herein was filed after the time for appeal had expired and was therefore not premature." ( Albertson , supra , 46 Cal.2d at p. 378, 295 P.2d 405.)
Having disposed of the preliminary matter, Albertson turned to the two principal questions in the case. As to the first, the court concluded that the pleaded claim (disparagement of title based on the lis pendens) was subject to the absolute privilege. The opinion then examined whether the complaint, although not stating a valid *611 disparagement of title claim, might nonetheless adequately allege the elements of a malicious prosecution claim. Although the court's malicious prosecution discussion extensively examined the "probable cause" and "malice" elements, its sole evaluation of the "favorable termination" element was its peremptory statement that "[a ]s indicated above , that part of the judgment in the former action that determined that [Raboff] had no interest in or a right to a lien upon [Albertson's] real property is now final and constitutes a termination of that separable part of the proceeding favorable to [Albertson]." ( Albertson , supra , 46 Cal.2d at p. 382, 295 P.2d 405, italics added.) Thus, while Albertson involved a malicious prosecution claim in which the underlying defendant was only partly successful, its "severability rule" contained no discussion or disapproval of the general principal that the *70 favorable termination assessment requires "consideration [ ] be given to the judgment as a whole." ( Murdock , supra , 65 Cal.App.2d at p. 177, 150 P.2d 489.) It was instead derived from the court's earlier analysis of whether the judgment on a cause of action from which no cross-appeal had been filed was a final judgment for purposes of a malicious prosecution action.
Roughly 20 years later, Albertson was relied on by the Supreme Court for its discussion of the probable cause requirement. In Bertero v. National General Corp. (1974) 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608 ( Bertero ), the court reaffirmed and extended Albertson 's holding in concluding it is sufficient if a malicious prosecution plaintiff can establish that one of multiple theories in the underlying action was objectively unreasonable. ( Id. at p. 57, 118 Cal.Rptr. 184, 529 P.2d 608.) Bertero presented no issue as to favorable termination because the entire underlying action was resolved in favor of the malicious prosecution plaintiff.
The Supreme Court considered the favorable termination requirement again in Crowley , supra , 8 Cal.4th 666, 34 Cal.Rptr.2d 386, 881 P.2d 1083. In the intervening 40 years between Albertson and Crowley , two distinct lines of cases had developed in the Court of Appeal. One continued to follow the Murdock rule that the favorable termination requirement applies to the underlying plaintiff's claims in their collective entirety . Under this rule, it is not sufficient that the defendant in the underlying action prevailed on some or most of the claims. (See Freidberg v. Cox (1987) 197 Cal.App.3d 381, 387, 242 Cal.Rptr. 851 ( Freidberg ); Jenkins v. Pope (1990) 217 Cal.App.3d 1292, 1298-1300, 266 Cal.Rptr. 557 ( Jenkins ).) But another line of cases read Albertson as creating a new rule that would allow a malicious prosecution action for a partially successful underlying defendant so long as the claims on which the defendant prevailed were "severable." (See Paramount General Hospital Co. v. Jay (1989) 213 Cal.App.3d 360, 368-370, 261 Cal.Rptr. 723 ( Paramount General ); Tabaz v. Cal Fed Finance (1994) 27 Cal.App.4th 789, 792-794, 33 Cal.Rptr.2d 134 ( Tabaz ).)
Crowley addressed the distinct issue of whether, for purposes of determining the lack of probable cause element, each theory asserted in the underlying action must be separately supported by probable cause or whether the existence of probable cause for any of the underlying claims bars a later action for malicious prosecution. The underlying plaintiff (Katleman) filed a will contest against Crowley seeking to invalidate a will favoring him. Katleman's complaint alleged six different grounds (including undue influence by Crowley) to contest the will; the probate court ultimately rejected all six challenges. ( Crowley , supra , 8 Cal.4th at pp. 673-674, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) In Crowley's subsequent *612 malicious prosecution action against Katleman, he asserted that five of the six grounds (i.e., every ground except undue influence) were *71 prosecuted maliciously and without probable cause. The Crowley court rejected Katleman's argument that the malicious prosecution action was properly dismissed because one of her theories (undue influence) was supported by probable cause. Reaffirming its previous ruling in Bertero , supra , 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608, the Supreme Court concluded that on the probable cause element issue " 'a malicious prosecution suit may be maintained where only one of several claims in the prior action lacked probable cause.' " ( Crowley , supra , at p. 686, 34 Cal.Rptr.2d 386, 881 P.2d 1083.)
In Crowley , the underlying plaintiff recovered nothing on any claim. Thus, the court was not directly presented with the issue of whether a partial recovery by the underlying plaintiff would be fatal to a showing of the favorable termination element in the subsequent malicious prosecution action. However, the Supreme Court's opinion is hardly silent on the issue. Katleman sought to rely on Freidberg , supra , 197 Cal.App.3d 381, 242 Cal.Rptr. 851 -a favorable termination case-to buttress her argument that probable cause for any one theory supporting a single primary right should bar a subsequent malicious prosecution action. ( Crowley , supra , 8 Cal.4th at pp. 683-684, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) In rejecting Katleman's attempt to export Freidberg 's"favorable termination" analysis into the "probable cause" arena, Crowley stated that the only issue in the Freidberg case "was whether the [underlying] action had terminated favorably to Freidberg, as required to support a malicious prosecution claim. [Citation.] The issue was not difficult: on its face the action had evidently not terminated favorably to Freidberg, because the judgment assessed substantial damages against him." ( Id. at p. 684, 34 Cal.Rptr.2d 386, 881 P.2d 1083.)
The Supreme Court dismissed the argument that if some recovery in the underlying proceeding bars a later malicious prosecution action then some probable cause in the underlying proceeding (even without any recovery) should also bar a later malicious prosecution:
" Freidberg was not a probable cause case but a favorable termination case. Prior opinions have stressed that the two elements of the tort serve different purposes: '[Plaintiff] confuses the elements of probable cause and favorable termination. Whether a prior action was legally tenable goes to the issue of probable cause, that is, did the defendant have an honest and reasonable belief in the truth of the allegations. [Citation.] Whether a prior action was terminated favorably tends to show the innocence of the defendant in the prior action [citations], and is not affected by the objective tenability of the claim. In short, these two elements of the malicious prosecution tort serve different purposes, and the legal tenability of the underlying action is not the standard by which to judge whether the action was terminated in [plaintiff's] favor.' " ( Crowley , supra , 8 Cal.4th at p. 686, 34 Cal.Rptr.2d 386, 881 P.2d 1083, quoting Warren v. Wasserman, Comden & Casselman (1990) 220 Cal.App.3d 1297, 1303, 271 Cal.Rptr. 579.)
Crowley then quotes with approval from the Court of Appeal decision in Jenkins , supra , 217 Cal.App.3d at p. 1300, 266 Cal.Rptr. 557 : " '[T]he Supreme Court's [ Bertero ] holding that a malicious prosecution suit *72 may be maintained where only one of several claims in the prior action lacked probable cause ( Bertero [ ], supra, 13 Cal.3d at pp. 55-57 [118 Cal.Rptr. 184, 529 P.2d 608] ) does not alter the rule there *613 must first be a favorable termination of the entire action. ( Freidberg [ ], supra , 197 Cal.App.3d at pp. 386-387 [242 Cal.Rptr. 851].) In Bertero , the question whether all or only part of the prior action had to be without probable cause arose only after judgment had been reached in the plaintiff's favor in the prior action as a whole.' " ( Crowley , at p. 686, 34 Cal.Rptr.2d 386, 881 P.2d 1083.)
Crowley did advert to cryptic language in Albertson from which the Paramount General / Tabaz line of cases emerged, but only in the context of indicating how Freidberg unnecessarily strayed when it employed the "primary right theory ... in order to distinguish [ Albertson ], [because] Albertson was distinguishable on other grounds." ( Crowley , supra , 8 Cal.4th at p. 685, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) Crowley explained that the discussion in Albertson regarding severability was primarily directed at rejecting the contention that the malicious prosecution complaint was premature because an appeal was still pending. But the court acknowledged what it characterized as a "holding" in Albertson that the malicious prosecution complaint in that case met the favorable termination requirement: "[W]e said simply that 'As indicated above, that part of the judgment in the former action that determined that defendant had no interest in or a right to a lien upon plaintiff's real property is now final and constitutes a termination of that separable part of the proceeding favorable to plaintiff.' ( [ Albertson , supra , 46 Cal.2d at p. 382, 295 P.2d 405.] ) Because there was no such partial appeal from the judgment in Freidberg , the Freidberg court could have distinguished Albertson on that ground alone." ( Crowley , at p. 685, 34 Cal.Rptr.2d 386, 881 P.2d 1083.)
Since Crowley was decided, this court on two occasions has discussed the favorable termination requirement in the context of an underlying defendant's partial success. In both cases, we relied on Crowley in concluding that the entire action must terminate in the defendant's favor in order to support a later claim for malicious prosecution.
In Dalany v. American Pacific Holding Corporation , 42 Cal.App.4th 822, 50 Cal.Rptr.2d 13 ( Dalany ), we examined whether the favorable termination element had been satisfied when the underlying cross-defendant (Dalany) had prevailed (by obtaining summary adjudication in his favor) on some but not all of the underlying claims asserted against him by the underlying cross-complainant, American Pacific Holding Corporation (APHC). While Dalany prevailed on some claims, the remainder of the underlying claims asserted by APHC's cross-complaint (together with Dalany's affirmative claims against APHC) were disposed of by a global settlement. Dalany subsequently sued APHC for maliciously prosecuting its cross-complaint against him. ( Id. at pp. 825-826, 50 Cal.Rptr.2d 13.) Noting that settlement of the remaining claims precluded Dalany from showing the "favorable termination" element as to those claims, this court dismissed Dalany's argument that *73 he could sue for malicious prosecution of those claims upon which he prevailed by summary adjudication. ( Id. at pp. 827-828, 50 Cal.Rptr.2d 13.) Relying on Crowley but without discussing Albertson , we "reject[ed] Dalany's suggestion that his success in achieving summary adjudication as to some of the causes of action in the cross-complaint prior to entry of the stipulated judgment gave rise to a favorable termination. ... The Supreme Court has recently emphasized that although for purposes of determining probable cause each theory asserted in a prior action must be separately considered, separate consideration of prior theories of claims is not appropriate with respect to the element of *614 favorable termination." ( Dalany , supra , at p. 829, 50 Cal.Rptr.2d 13, citing Crowley , supra , 8 Cal.4th at p. 686, 34 Cal.Rptr.2d 386, 881 P.2d 1083.)
In StaffPro , supra , 136 Cal.App.4th 1392, 39 Cal.Rptr.3d 682, this court was confronted with and required to resolve the tension between the Tabaz / Paramount General line of cases (which applied "a severability analysis to determine the favorable termination element") and the contrary authority, represented by such cases as Crowley , Freidberg , and Jenkins (which suggested that the underlying defendant needed to prevail on the entire underlying action in order to establish favorable termination). ( StaffPro, at pp. 1394, 1402-1404, 39 Cal.Rptr.3d 682.) In StaffPro , the underlying action by the plaintiff (Elite) alleged three causes of action against StaffPro: unfair business practices ( Bus. & Prof. Code, § 17200 ), offering below-cost services (id. , § 17043), and intentional interference with prospective business advantage by improperly underbidding Elite on a number of specifically enumerated contracts. ( StaffPro , at p. 1395, 39 Cal.Rptr.3d 682.) Elite dismissed the third claim prior to trial and, at trial, the court granted StaffPro's motion for judgment under Code of Civil Procedure section 631.8, subdivision (a) as to the second cause of action. However, Elite prevailed on its first claim and obtained injunctive relief. ( StaffPro , at p. 1396, 39 Cal.Rptr.3d 682.) StaffPro then filed a malicious prosecution action, claiming that its partial victory in the underlying action satisfied the favorable termination element. It argued that "the favorable termination element of the malicious prosecution tort must be determined with respect to each 'severable' cause of action, and that Elite's second and third causes of action, which terminated in StaffPro's favor, are severable from the first." ( Id. at p. 1402, 39 Cal.Rptr.3d 682.) The StaffPro opinion, building on this court's earlier Dalany decision, rejected that argument because, under Crowley, "a plaintiff in a malicious prosecution must establish ' "a favorable termination of the entire [underlying] action." ' " ( Id. at p. 1406, 39 Cal.Rptr.3d 682.)[4]
*74 Both StaffPro and Dalany construed Crowley 's discussion as declaring that, while the absence of probable cause element supports a malicious prosecution claim if any of the underlying claims were prosecuted without probable cause, that analysis is only conducted " 'after judgment had been reached in the plaintiff's favor in the prior action as a whole.' " ( Dalany , supra , 42 Cal.App.4th at pp. 829-830, 50 Cal.Rptr.2d 13.) Thus, where the underlying defendant did not prevail on every claim asserted in the underlying action, either because the judgment awarded affirmative relief to the underlying plaintiff (as in StaffPro and this case) or because some claims by the underlying plaintiff were resolved by a settlement (as in Dalany ), that " 'reflects ambiguously on the merits of the action ... thus leaving open the question of defendant's guilt or innocence.' " ( Dalany , at p. 827, 50 Cal.Rptr.2d 13, quoting Pender v. Radin (1994) 23 Cal.App.4th 1807, 1814, 29 Cal.Rptr.2d 36.) Both decisions explain that under Crowley , the favorable termination cannot be shown and summary judgment in favor of the defendant would be proper. ( Dalany , at p. 830, 50 Cal.Rptr.2d 13 ;
*615 StaffPro , supra , 136 Cal.App.4th at pp. 1406-1408, 39 Cal.Rptr.3d 682.) StaffPro takes the added step of expressly rejecting a severability analysis and concluding that Court of Appeal cases following that approach have been abrogated sub silencio by Crowley . ( StaffPro , at pp. 1402-1405 & fn. 11, 39 Cal.Rptr.3d 682.)
What StaffPro did not confront directly was the potential conflict between the logic of Crowley and the Supreme Court's earlier decision in Albertson . The Lanes argue we should decline to follow StaffPro in favor of the binding precedent and more "analogous" approach represented by Albertson .[5] They contend that under Albertson , a favorable result on "severable" claims can satisfy the favorable termination element notwithstanding an unfavorable outcome on other claims resulting in an adverse judgment.[6]
*75 We are satisfied, however, that StaffPro correctly construed Crowley as requiring that a malicious prosecution plaintiff show "there [was] a favorable termination of the entire [underlying] action" in the plaintiff's favor ( Jenkins , supra , 217 Cal.App.3d at p. 1300, 266 Cal.Rptr. 557 ), and that a partial recovery against the malicious prosecution plaintiff in the underlying action is fatal to showing the favorable termination element. (Accord, Murdock , supra , 65 Cal.App.2d at p. 177, 150 P.2d 489 ; Freidberg , supra , 197 Cal.App.3d at pp. 386-387, 242 Cal.Rptr. 851.) Any other rule would strip the "favorable termination" requirement of its independent significance because any individual "claim" that lacks probable cause will necessarily be terminated in the underlying defendant's favor.
Indeed, Crowley specifically approved Freidberg 's conclusion there was no favorable termination under the facts of Freidberg even though the underlying plaintiff in that case did not prevail on his contract claim (which sought $43,000 plus punitive damages) or on a tort claim (seeking a similar amount) and instead only partially prevailed on a common count by obtaining a $12,900 recovery. ( Freidberg , supra , 197 Cal.App.3d at pp. 383-384, 242 Cal.Rptr. 851.) According to the Supreme Court, the favorable termination issue in Freidberg "was not difficult: on its face the action had evidently not terminated favorably to Freidberg, because the judgment assessed substantial damages against him." ( Crowley , supra , 8 Cal.4th at p. 684, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) The issue in this case is no more difficult.
*616 While Crowley 's general discussion of the favorable termination element, as well as its specific observations on the absence of favorable termination under the facts of Freidberg , support StaffPro 's construction of the favorable termination element, Crowley did leave some vestigial uncertainty (which the Lanes seize upon in this appeal) by failing to specifically disapprove Albertson 's cryptic discussion of the favorable termination requirement. ( Albertson , supra , 46 Cal.2d at p. 382, 295 P.2d 405.) This is the language from which Paramount General and Tabaz derived a so-called "severability rule" that would allow prosecution of a malicious prosecution claim based on partial success in the underlying action if the claims on which the defendant prevailed were in some sense severable. (See Paramount General , supra , 213 Cal.App.3d at pp. 368-371, 261 Cal.Rptr. 723 ; Tabaz , supra , 27 Cal.App.4th at pp. 792-793, 33 Cal.Rptr.2d 134.)
But Crowley itself makes clear that Albertson 's comments on the favorable termination requirement apply, at most, in situations where a partial appeal has created a severable judgment. ( 8 Cal.4th at p. 685, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) We have no partial appeal in this case. That is enough for us to conclude that the underlying property action did not terminate favorably to the Lanes.
And although Crowley did not expressly overrule Albertson in this respect, we question if any part of the so-called "severability" analysis *76 survives. A partially unsuccessful defendant's ability to maintain an action for malicious prosecution should not turn on the fortuity of whether both parties or only one party elect(s) to pursue an appeal from the initial judgment. Crowley 's overarching conclusion (as explained by StaffPro ) was that severable consideration of the issue of lack of probable cause " 'does not alter the rule there must first be a favorable termination of the entire action [citing Freidberg ],' " ( Crowley , supra , 8 Cal.4th at p. 686, 34 Cal.Rptr.2d 386, 881 P.2d 1083, quoting Jenkins , supra , 217 Cal.App.3d at p. 1300, 266 Cal.Rptr. 557 ), which appears inherently inconsistent with Albertson 's"severability-for-purposes-of-favorable-termination" approach. In our view, the logic of Crowley - if not its explicit language-has overruled this aspect of Albertson .
Because we are satisfied StaffPro properly construed Crowley , we agree with the trial court that the Lanes cannot establish the essential element of favorable termination because the entire underlying action was not terminated in the Lanes' favor. To the contrary, the undisputed material facts showed the judgment granted some of the relief sought by Bell in her cross-complaint. On Bell's claim for declaratory relief/partition, the court determined (contrary to the Lanes' claims asserted in their complaint[7] ) that Bell did have an interest in the property and valued her gross share in the property at $177,500. The court thus granted her claim for partition with an order that the Lanes had the right to acquire her interest in the property upon payment to Bell of the net share of her interest in the property. Under these circumstances, the Lanes cannot demonstrate the favorable termination element because the single judgment on Bell's cross-complaint, while partially in the Lanes' favor, was also partially in favor of Bell.
*617 B. Law of the Case**
DISPOSITION
The judgment is affirmed. Respondents are entitled to costs on appeal.
WE CONCUR:
BENKE, Acting P.J.
NARES, J.

The court's judgment calculated Bell's net share by subtracting from Bell's share (1) the $25,000 already paid to Bell by the Lanes, and (2) the amount owed by Bell to the Lanes under the jury's award of $40,753.80 on the Lanes' cause of action against Bell for breach of the JVA. It rejected the Lanes' remaining equitable causes of action against Bell insofar as they sought to declare void the deed which granted Bell an interest in the property and to cancel that deed.

Bell's claims of elder abuse and intentional infliction of emotional distress were resolved when the court granted the Lanes' nonsuit motion. Bell's remaining claims against the Lanes (for fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing) were resolved against Bell by the jury's special verdict on those claims.

Although the Lanes conceded below that Supreme Court cases including Crowley , supra , 8 Cal.4th 666, 34 Cal.Rptr.2d 386, 881 P.2d 1083 and Casa Herrera, Inc. v. Beydoun (2004) 32 Cal.4th 336, 9 Cal.Rptr.3d 97, 83 P.3d 497 (Casa Herrera ) required assessment of the "favorable termination" element by examining the judgment as a whole, their opposition contained no analysis of StaffPro.

StaffPro acknowledged the favorable termination analysis in Crowley was arguably dictum because it was not required for the decision in that case, but nevertheless concluded the dictum "carries persuasive weight and should be followed where it demonstrates a thorough analysis of the issue or reflects compelling logic." (StaffPro , supra , 136 Cal.App.4th at p. 1403, fn. 9, 39 Cal.Rptr.3d 682.)

The Lanes assert the more "analogous" case of Albertson "was specifically approved by StaffPro " and therefore implicitly argue that Albertson 's severability analysis can coexist with StaffPro 's analysis of the favorable termination requirement. However, the Lanes do not identify where the StaffPro court "specifically approved" Albertson , nor can we find any reference to Albertson in StaffPro . Nor can the Lanes reconcile their argument with StaffPro 's express recognition that the "severability analysis is improper in determining whether a malicious prosecution plaintiff has demonstrated favorable termination of an underlying lawsuit." (StaffPro , supra , 136 Cal.App.4th at p. 1405, 39 Cal.Rptr.3d 682.)

The Lanes also cite a post-Crowley decision, Franklin Mint Company v. Manatt, Phelps & Phillips, LLP (2010) 184 Cal.App.4th 313, 333, 109 Cal.Rptr.3d 143 (Franklin Mint ), where the court stated that "[a] claim for malicious prosecution need not be addressed to an entire lawsuit; it may ... be based upon only some of the causes of action alleged in the underlying lawsuit." However, in Franklin Mint the malicious prosecution plaintiff had prevailed on all of the five claims asserted in the underlying lawsuit (id. at pp. 325-329, 109 Cal.Rptr.3d 143 ), but claimed in its malicious prosecution action that only two of those claims were brought without probable cause. (Id. at p. 330, 109 Cal.Rptr.3d 143.) Nothing in Franklin Mint suggested any different approach than was approved in Crowley .

The Lanes' complaint the property action included equitable causes seeking to declare void the deed which granted Bell an interest in the property and to cancel that deed. The court, having found for Bell on her declaratory relief cause of action, necessarily rejected the Lanes' competing causes of action as part of its judgment.

See footnote *, ante .