**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY J. JOHNSON,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>MANUEL ALTAMIRANO, an individual;<br>RICHARD TURNER; DAVID KINNEY;<br>DAVID HUFFMAN; PAUL TYRELL;<br>SEAN SULLIVAN, an individual; STORIX,<br>INC.; DOES, 1-5 inclusive,<br><br>           Defendants-Appellees. | No. 21-55614<br><br>D.C. No. 3:19-cv-01185-H-BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Anthony J. Johnson appeals pro se from the district court's judgment

dismissing his diversity action alleging state law claims.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Johnson's claims for malicious prosecution and indemnification because Johnson did not prevail in the state court action filed against him. *See Lane v. Bell*, 228 Cal. Rptr. 3d 605, 606 (Ct. App. 2018) (setting forth elements of a malicious prosecution claim under California law, including that "the underlying action was terminated on the merits in favor of the defendant"); *Dalany v. Am. Pac. Holding Corp.*, 50 Cal. Rptr. 2d 13, 17 (Ct. App. 1996) (applying favorable termination requirement to claim for indemnification under Corporations Code § 317(d)). Contrary to Johnson's contention, he did not prevail on a distinct breach of fiduciary duty claim in the underlying litigation.

The district court properly dismissed Johnson's claims for breach of contract and rescission as barred by claim preclusion because these claims arise out of the same nucleus of operative fact as Johnson's claims in his prior federal copyright action against the same parties or their privies that resulted in a final judgment on the merits. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987-88 (9th Cir. 2005) (setting forth

elements of res judicata and explaining this court's transaction test used to determine whether two suits share a common nucleus of operative fact).

The district court properly dismissed Johnson's claim for intentional interference with contractual relations as barred by issue preclusion because the issues relating to Johnson's transfer of copyrights were actually litigated and decided in Johnson's prior federal copyright action. *See Taylor*, 553 U.S. at 892 (issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim" (citation and internal quotation marks omitted)); *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (requirements for federal issue preclusion); *Quelimane Co. v. Stewart Title Guar. Co.*, 960 P.2d 513, 530 (Cal. 1998) (claim for intentional interference with contractual relations requires a valid contract between plaintiff and a third party).

The district court properly dismissed Johnson's claim for intentional interference with prospective economic advantage because Johnson failed to allege facts sufficient to state a claim. *See Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*, 388 P.3d 800, 803 (Cal. 2017) (setting forth elements of an intentional interference with prospective economic advantage claim, including "the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff"). The district

court did not abuse its discretion in denying Johnson leave to amend this claim because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

The district court properly dismissed Johnson's claims for breach of fiduciary duty concerning misuse of corporate funds, and conversion, as barred by claim preclusion because the claims were raised, or could have been raised, in a prior state court derivative action that involved the same primary rights and parties, or their privies, and resulted in a final judgment on the merits. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 323 (9th Cir. 1988) ("California law [] determine[s] the res judicata effect of a California judgment."); *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (setting forth elements of claim preclusion under California law and explaining California's primary rights doctrine); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (claim preclusion "bars the litigation not only of issues that were actually litigated but also issues that could have been litigated"). To the extent Johnson's claim for breach of fiduciary duty concerned indemnification, the district court properly dismissed the claim because, as explained above, Johnson was not entitled to indemnification.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Johnson's contention that the district judge was biased against him.

All pending motions are denied.

**AFFIRMED.**