Filed 6/13/22 Prozan v. Hannon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL PROZAN, | H049283 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 19CV355545) |
| v. | |
| JOHN HANNON, | |
| Defendant and Respondent. | |

Plaintiff and appellant Michael Prozan appeals a judgment entered in favor of defendant and respondent John Hannon after the trial court granted summary judgment on the basis that Prozan's complaint against Hannon for malicious prosecution was time-barred under the applicable one-year statute of limitations.

Prozan brought his claim against Hannon[1] after having obtained a dismissal in a prior lawsuit filed by Hannon against Prozan and several others (the underlying action). The trial court in the underlying action granted Prozan's special motion to strike Hannon's complaint as a "strategic lawsuit against public participation" (SLAPP) under

---

[1] Prozan named two defendants, Hannon and Derar Hawari, in his complaint in this action. Only Hannon is a party to this appeal.

California's anti-SLAPP statute (Code Civ. Proc., § 425.16),[2] issued an order to that effect, and several months later entered judgment in favor of Prozan.

More than one year after the trial court granted Prozan's anti-SLAPP motion in the underlying action, but less than one year after entry of judgment in that case, Prozan filed his complaint for malicious prosecution against Hannon. The trial court determined that the filing of Prozan's complaint fell outside the one-year statute of limitations and granted Hannon's motion for summary judgment.

On appeal, Prozan contends the trial court erred in ascertaining the date of accrual for his malicious prosecution cause of action. For the reasons explained below, we conclude the trial court correctly determined that Prozan's claim accrued upon termination of the underlying action in his favor, which under the circumstances occurred when the trial court granted the special motion to strike the pleadings under section 425.16. We therefore affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

Despite the substantial history to this case and the lawsuits that preceded it, the issue before us in this appeal is narrow. We include only the facts and procedural history germane to its resolution.

Prozan, who is an attorney and self-represented, filed the instant lawsuit on September 24, 2019, asserting a single cause of action against attorney John Hannon and Hannon's client, Derar Hawari, for wrongful use of civil proceedings (operative complaint). A claim for wrongful use of civil proceedings is often referred to as a claim for "malicious prosecution," and we use the terms interchangeably herein.

Prozan's operative complaint alleged that in 2012 and 2013, he filed lawsuits on behalf of two sets of clients, seeking damages related to an allegedly fraudulent investment scheme. Hannon's client Hawari was one of the defendants in those lawsuits.

---

[2] Unspecified statutory references are to the Code of Civil Procedure.

2

On September 30, 2013, the parties to those lawsuits entered into a settlement agreement by which the defendants agreed to repay all damages in scheduled installments. Hawari made payments under the 2013 settlement agreement until a default occurred in October 2014, at which point Prozan sought and obtained a judgment for his clients against Hawari (and the other defendants) in both lawsuits.[3] Prozan thereafter obtained and perfected a security interest on behalf of his clients in Hawari's personal and real property, including in the proceeds of a settlement from a separate malpractice action that Hawari had brought against the attorneys who had represented him in the 2013 settlement.

Following these events, on February 14, 2018, Hannon filed the underlying action on behalf of Hawari, naming Prozan and Prozan's clients in the earlier lawsuits against Hawari as defendants.[4] The complaint in the underlying action asserted causes of action for declaratory and other relief—stemming from a purported ambiguity in the 2013 settlement agreement and alleged improprieties affecting entry of the stipulated judgments—and sought, consequently, to set aside the judgments against Hawari.

Prozan responded to the underlying action by filing a special motion to strike the pleadings pursuant to section 425.16 (the anti-SLAPP motion). Prozan filed the anti-SLAPP motion in his capacity as an individual defendant and later brought similar motions on behalf of his clients. At the hearing on the anti-SLAPP motion on July 19, 2018, as reflected in the minute order, the trial court orally adopted its tentative order granting the motion.

---

[3] The resulting judgment was upheld on appeal. (See *Ajlouni v. SCI Apparel, Ltd.* (Apr. 13, 2017, H042331) [nonpub. opn.].)

[4] Hannon states that he named Prozan "nominally" so the trial court would have jurisdiction to order the return of money paid by Hawari should the judgments against Hawari be deemed void. Prozan, however, points out that the complaint in the underlying action does not limit the allegations against him to his representative capacity but seeks direct recovery for his alleged role in the acts committed.

3

On July 27, 2018, the trial court issued a written order in which it granted Prozan's requests for judicial notice in support of the anti-SLAPP motion and granted Prozan's special motion to strike the complaint in the underlying action (the SLAPP order). Counsel served notice of entry of the SLAPP order on August 8, 2018.

Hawari—still represented by Hannon—did not appeal from the SLAPP order.[5] On October 1, 2018, the trial court entered judgment in favor of Prozan, including an award of costs (underlying judgment). The underlying judgment confirmed the dates recited above for the trial court's entry of the SLAPP order.

On September 24, 2019, Prozan filed the operative complaint in the instant action summarizing the factual and procedural history leading up to the filing of this action and alleging a single cause of action against Hannon and Hawari for malicious prosecution. In his cause of action, Prozan alleged that the underlying action not only terminated in his favor but was filed without any reasonable cause and primarily for an improper purpose. Prozan sought compensatory and punitive damages.

Hannon moved for summary judgment.[6] Hannon asserted the applicable statute of limitations set forth in section 340.6 as the sole basis for summary judgment. He submitted that because Prozan failed to bring his claim for malicious prosecution within

_____

[5] The basis for the anti-SLAPP motion and reasoning for the trial court's SLAPP order are not relevant to the issue on appeal. Even so, for context, we note that the trial court concluded (1) that Prozan had satisfied his threshold burden to show the conduct forming the basis for Hawari's claims against him constituted protected activity within the meaning of the anti-SLAPP statute (based upon Prozan's representation of his clients in obtaining the 2013 settlement agreement and later judgments against Hawari), and (2) that Hawari could not demonstrate a probability of prevailing on the merits because Prozan was not a party to either the settlement agreement or the judgments that Hawari sought to void in his claim for declaratory relief.

We note that the trial court separately granted the special motions to strike filed by the other defendants in the underlying action (Prozan's clients). Appeals were taken from those orders but later resolved by mediation with a comprehensive settlement agreement.

[6] Hannon's motion for summary judgment is based on the statute of limitations applicable to non-fraud actions brought against attorneys (§ 340.6) and therefore is addressed only as to Hannon himself, in propria persona.

the one-year statute of limitation set out by section 340.6, the action is time barred. Prozan opposed the motion, arguing that accrual of the cause of action should be measured from the date the underlying judgment issued and not from any preceding order.

On March 9, 2021, after a hearing, the trial court granted the motion for summary judgment. The trial court found that the underlying action terminated favorably as to Prozan no later than July 27, 2018, the date of the "formal order granting the anti-SLAPP motion." The trial court concluded that the SLAPP order ended Prozan's involvement in the underlying action as a party, established him as a " 'prevailing defendant' " for purposes of the anti-SLAPP statute, and entitled him to recover his fees and costs associated with bringing the anti-SLAPP motion. The trial court reasoned that Prozan "indisputably had an 'actual injury' " as of that date and reasonably should have known it at that time. Consequently, the trial court found that Hannon had met his initial burden and Prozan was unable to raise any triable issue of material fact to contradict the showing that his action was barred by the one-year limitations period applicable to non-fraud actions brought against attorneys under section 340.6.

The trial court thereafter entered judgment in favor of Hannon and against Prozan. This appeal timely followed.

## II. DISCUSSION

The sole issue on appeal is whether Prozan's action against Hannon for malicious prosecution is barred by the applicable one-year statute of limitations. To resolve the dispute, we must decide whether the statute of limitations for a malicious prosecution claim following a judgment under the anti-SLAPP statute begins to accrue on the date of the order granting the anti-SLAPP motion striking the complaint in its entirety or from the later date of entry of judgment in the underlying action.

Prozan contends that a claim for malicious prosecution accrues on the date the underlying judgment issues, which Prozan equates with the date of "actual injury" or "the

5

last element of the offense." Hannon counters that in the context of a dismissal pursuant to an anti-SLAPP motion, the claim accrues when the plaintiff discovers or reasonably should have discovered his or her injury, i.e., upon the grant of the special motion to strike.

Before addressing the parties' arguments, we set forth our standard of review and the legal principles governing accrual of a cause of action, the limitations period applicable to a claim for malicious prosecution against an attorney, and the termination of proceedings pursuant to an anti-SLAPP motion.

### A. Standard of Review

Summary judgment is warranted where there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c); see *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) Whether the trial court erred in granting a defendant's motion for summary judgment is a question of law that we review de novo. (*Samara v. Matar* (2018) 5 Cal.5th 322, 338.)

In conducting our independent review of a summary judgment motion, we apply the same three-step analysis as the trial court. (*Pipitone v. Williams* (2016) 244 Cal.App.4th 1437, 1449.) We look first to " 'the issues framed by the pleadings since it is these allegations to which the motion must respond. ' " (*Jones v. Wachovia Bank* (2014) 230 Cal.App.4th 935, 945 (*Jones*).) Next, we examine whether the moving party has satisfied his or her burden of showing that a cause of action has no merit or that there is a complete defense to the cause of action, justifying a judgment in favor of the motion. (§ 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) Lastly, the burden of production shifts to the party opposing summary judgment to make a prima facie showing of the existence of a triable issue of material fact. (*Jones*, at p. 945; see § 437c, subd. (p)(2); *Aguilar*, at p. 850.) When the material facts are undisputed, as they are in this case, the court "can resolve the matter as a question of law

6

in conformity with summary judgment principles." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 751 (*Jordache*).)

    *B. Malicious Prosecution and Its Limitations Period Under Section 340.6*

The tort of wrongful use of a civil proceeding, or malicious prosecution, is designed to redress both individual and societal harm caused by civil litigation that is brought or maintained without probable cause and with malice. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 677.) To establish a cause of action for malicious prosecution, a plaintiff must demonstrate that "(1) the defendant brought (or continued to pursue) a claim in the underlying action without objective probable cause, (2) the claim was pursued by the defendant with subjective malice, and (3) the underlying action was ultimately resolved in the plaintiff's favor." (*Lane v. Bell* (2018) 20 Cal.App.5th 61, 67 (*Lane*); see also *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50.) The third element, favorable termination of the underlying action in the plaintiff's favor (here, Prozan) " 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.' " (*Lane*, at p. 68.) Favorable termination may be viewed as implicating two requirements, consisting of termination of the underlying action "in its entirety," and "on a basis which reflects upon the innocence of the underlying defendant." (*Citizens of Humanity, LLC v. Ramirez* (2021) 63 Cal.App.5th 117, 128.)

These elements, which we examine further in our analysis, *post*, are relevant to ascertain accrual of the claim and to calculate the running of the statute of limitations. "The limitations period—the period in which a plaintiff must bring suit or be barred— runs from the moment a claim accrues." (*Garcia v. Rosenberg* (2019) 42 Cal.App.5th 1050, 1060 (*Garcia*); see § 312; *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191 (*Aryeh*).) To avoid being barred by the applicable statute of limitations, a plaintiff must bring the claim "within the limitations period after accrual of the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*).) Ordinarily, a cause of action "accrues at 'the time when the cause of action is

complete with all of its elements.' " (*Ibid.*) To calculate accrual of a cause of action, courts therefore look to " 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' " (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.) Sometimes referred to as the " 'last element' " rule, this means that a claim typically accrues, and the statute of limitations runs, "from 'the occurrence of the last element essential to the cause of action.' " (*Aryeh*, at p. 1191.)

The limitations period governing Prozan's malicious prosecution claim against Hannon is set forth in section 340.6, subdivision (a) (hereafter section 340.6(a)). The statute specifies a one-year limitations period for an "action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services" where "the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission." (§ 340.6(a).) The statute also provides for tolling of the limitations period in certain, enumerated circumstances, including "during the time that . . . [¶] (1) The plaintiff has not sustained actual injury." (§ 340.6, subd. (a)(1).) Prozan does not challenge the applicability of section 340.6(a), to his malicious prosecution claim.[7] Thus, in order for his malicious prosecution suit to be timely filed (and because he has asserted no equitable

---

[7] The application of section 340.6(a)'s one-year statute of limitations to malicious prosecution claims for an act or omission arising from an attorney's performance of professional services stands in contrast with the two-year statute of limitations (§ 335.1) that is typically held to apply to malicious prosecution claims against non-attorneys. Although the Courts of Appeal were divided, at one point, about whether section 340.6(a) governed malicious prosecution claims against attorneys, the California Supreme Court's decision in *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1229 (*Lee*), which clarified the application of section 340.6(a) generally to claims against attorneys, supports the application of the statute to claims arising from an attorney's alleged violation of his or her professional obligations and has subsequently been applied to malicious prosecution claims asserted against attorneys. (See *Garcia*, *supra*, 42 Cal.App.5th at pp. 1060–1061; *Connelly v. Bornstein* (2019) 33 Cal.App.5th 783, 788, 793–795.)

exceptions to the application of the statute of limitations), Prozan had to bring his claim within one year of its accrual pursuant to section 340.6(a).

We now turn to Prozan's contention that the trial court erred in applying these principles to decide the accrual date of his malicious prosecution claim.

*C. Analysis*

Prozan contends that a malicious prosecution claim only accrues upon entry of the judgment in the underlying action. He maintains that entry of judgment is the "last element" of the offense, signifying favorable termination of the underlying action. In support of his argument, Prozan relies on *Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330 (*Rare Coin*), which states that "the cause of action [for malicious prosecution] accrues at the time of entry of judgment in the underlying action in the trial court." (*Id.* at pp. 334–335.) Prozan avers that the trial court's summary judgment ruling ignored the rule in *Rare Coin* and improperly relied on case law applying section 340.6(a) to attorney malpractice rather than malicious prosecution claims. Hannon counters that the trial court correctly applied the "actual injury" standard articulated in *Jordache*, *supra*, 18 Cal.4th 739, and in various malpractice cases applying section 340.6, to determine when Prozan's action accrued.

We observe at the outset that the parties' arguments concerning "actual injury" and any purported difference in how courts define accrual in malicious prosecution versus malpractice actions confuses the issue before us and conflates the accrual and tolling provisions of section 340.6. The only relevant consideration in our case is when Prozan's malicious prosecution action began to accrue for purposes of applying the one-year statute of limitations in section 340.6(a). The "actual injury" provision of section 340.6, subdivision (a)(1), which our Supreme Court examined in detail in *Jordache* and

other attorney malpractice cases (see, e.g., *Jordache*, *supra*, 18 Cal.4th at pp. 742–744[8]), tolls the limitations period during the time the plaintiff has not sustained "actual injury" but does not alter the date of accrual of the cause of action. (See § 340.6, subd. (a)(1); *Sharon v. Porter* (2019) 41 Cal.App.5th 1, 10 [a finding of " 'actual injury' " determines tolling of the statute of limitations but does not change when the statute of limitations commenced running on the plaintiff's legal malpractice claim].) Because Prozan has not invoked tolling under section 340.6, subdivision (a)(1), the discussion in *Jordache* (insofar as it pertains to "actual injury") and Hannon's recitation of case law discussing "injury for purposes of a legal malpractice claim" are largely irrelevant to our analysis.

Turning to the question at hand, the applicable statute of limitations for an "action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services" requires a plaintiff to file the claim "within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission." (§ 340.6(a).) The meaning of this provision, with respect to the timing of accrual, is plain. It provides that the statutory period "depend[s] first on the factually intensive question of when the plaintiff discovered, or reasonably should have discovered, the facts constituting the wrongful act or omission." (*Jordache*, *supra*, 18 Cal.4th at p. 757.) Simply put, the

---

[8] The California Supreme Court's decision in *Jordache* involved a malpractice claim against a party's former attorney and addressed the meaning of "actual injury" in section 340.6, subdivision (a)(1) for tolling the malpractice claim. (*Jordache*, *supra*, 18 Cal.4th at pp. 742–743.) The court explained that "[u]nder section 340.6, the one-year limitations period commences when the plaintiff actually or constructively discovers the facts of the [attorney's] wrongful act or omission, but the period is tolled until the plaintiff sustains actual injury." (*Id.* at p. 751.) The court clarified that actual injury under section 340.6 "occurs when the client suffers any loss or injury legally cognizable as damages in a legal malpractice action based on the asserted errors or omissions." (*Id.* at p. 743.) *Jordache* did not address the application of section 340.6(a) to a malicious prosecution claim or accrual of the cause of action based on discovery of the wrongful acts or omissions.

10

statutory period begins to run under section 340.6(a) when the plaintiff discovers, or has reason to discover, the factual basis for the cause of action against the attorney. "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.' " (*Fox*, *supra*, 35 Cal.4th at p. 807.)

As set forth above, the three elements of a malicious prosecution claim are (1) the defendant's lack of objective probable cause in bringing or continuing the underlying action, (2) the defendant's pursuit of the underlying action with subjective malice, and (3) resolution of the underlying action in the plaintiff's (here Prozan's) favor. (*Lane*, *supra*, 20 Cal.App.5th at p. 67.) Prozan correctly points out that the third or "last element" comprising a cause of action for malicious prosecution requires termination of the prior action. (See *Lane*, at p. 68.)

The California Supreme Court has reaffirmed this requirement on various occasions. For example, the high court decided it would be unworkable to permit a malicious prosecution action to proceed before the conclusion of the underlying suit (in the form of a cross-complaint) because, among other reasons, "the cause of action for malicious prosecution first accrues at the conclusion of the litigation in favor of the party allegedly prosecuted maliciously" and, as a "logical corollary . . ., the statute of limitations begins to run on the date that the proceedings in the prior action were dismissed or terminated." (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 846 (*Babb*); see also *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871 [setting forth the elements of malicious prosecution, including that a plaintiff must demonstrate the prior action " 'was pursued to a legal termination in his, plaintiff's, favor' "].)

In another decision, the high court noted that to determine whether there was a favorable termination on the merits of the underlying action in satisfaction of the third element of a malicious prosecution claim, courts " 'look at the judgment as a whole in the prior action.' " (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341 (*Casa Herrera*).) " 'It is not essential to maintenance of an action for malicious prosecution that

11

the prior proceeding was favorably terminated following trial on the merits.' [Citation.] Rather, '[i]n order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit.' " (*Id.* at pp. 341–342.)

In light of the well-settled authority stating that accrual of a claim for malicious prosecution occurs upon the favorable termination of the underlying action, i.e., "at the conclusion of the litigation in favor of the party allegedly prosecuted maliciously" (*Babb*, *supra*, 3 Cal.3d at p. 846), we consider whether favorable termination is, as Prozan contends, synonymous with entry of judgment.

A judgment is simply "the final determination of the rights of the parties in an action or proceeding." (§ 577.) The predicate requirement that the prior judicial proceeding terminate in favor of the plaintiff pleading malicious prosecution operates similarly. The defining feature of favorable termination, for purposes of a subsequent malicious prosecution action, is not the formal entry of judgment but the substantive determination of the rights of the parties in the underlying action. " 'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].' " (*Casa Herrera*, *supra*, 32 Cal.4th at p. 341.) Thus, while it may often be true that "[t]he cause of action [for malicious prosecution] accrues at the time of entry of judgment in the underlying action in the trial court" (*Rare Coin*, *supra*, 202 Cal.App.3d at pp. 334–335), it also may be true that a cause of action for malicious prosecution accrues upon termination of the underlying action, where the rights of the parties are decided in the plaintiff's favor, even in the absence of a formal entry of judgment.

In particular, as we explain below with respect to proceedings on an anti-SLAPP motion, the granting of a special motion to strike under section 425.16 resolves the merits of a cause of action and requires no further adjudication to effectuate a dismissal. (See

12

*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192–193 (*Varian*).) "If an anti–SLAPP order strikes the entire complaint, it effects a judgment of dismissal, which is appealable in its own right." (*Hewlett-Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174, 1185, fn. 7.) The order establishes the "prevailing defendant" for purposes of the anti-SLAPP statute and authorizes the recovery of attorney fees and costs "as a matter of law," leaving nothing more to be litigated with respect to the rights of the parties. (See § 425.16, subd. (c)(1); *Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 137.)

That is what we conclude occurred here. Based on the undisputed facts concerning the resolution of the underlying action through the anti-SLAPP motion and subsequent underlying judgment, it is apparent that at least as of July 27, 2018, when the trial court issued the order granting Prozan's anti-SLAPP motion striking Hannon's sole claim against Prozan, Prozan knew—or reasonably should have known—that the underlying action had terminated in his favor. (*Jordache*, *supra*, 18 Cal.4th at p. 757.) Given Prozan's involvement with the underlying action as both an attorney and a named defendant, and his position in moving to strike the entire complaint against him as unfounded, at that point he " 'ha[d] reason at least to suspect a factual basis' " (*Fox*, *supra*, 35 Cal.4th at p. 807) for his malicious prosecution claim. Prozan's arguments to the contrary misapprehend the law governing favorable termination of an underlying action based on a special motion to strike the pleadings pursuant to the anti-SLAPP statute.

Under California's anti-SLAPP law, section 425.16 "establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary judgment-like procedure at an early stage of the litigation." (*Varian*, *supra*, 35 Cal.4th at p. 192.) A trial court's order granting a special motion to strike under section 425.16 consequently "resolves the merits of a cause of action." (*Id.* at p. 193.) In *Varian*, the California Supreme Court examined the effect of the denial of an anti-SLAPP motion on further trial

13

court proceedings. (*Id.* at pp. 186, 191–192.) The court explained, in connection with resolving that issue, that "granting a motion to strike under section 425.16 results in the dismissal of a cause of action on the merits" and is irreconcilable with a subsequent judgment on the merits. (*Id.* at p. 193.) As the granting of a special motion to strike the entire complaint "resolves the merits of [the] cause of action" (*ibid.*) in an underlying action, we decide that it also provides the factual basis for the required "last element" of the malicious prosecution claim.

The rules governing appeal from orders granting (or denying) motions to strike the pleadings under the anti-SLAPP statute further reinforce the terminating effect of the trial court's grant of the special motion to strike the complaint in the underlying action. An order granting or denying an anti-SLAPP motion is immediately appealable. (§§ 904.1, subd. (a)(13), 425.16, subd. (i).) Courts have consistently held that the timeline for appeal is measured from the order granting the section 425.16 motion to strike the complaint, which serves as a final determination of the rights of the parties and requires no further order or judgment to finalize the adjudication. (See *Russell v. Foglio* (2008) 160 Cal.App.4th 653, 660; *Melbostad v. Fisher* (2008) 165 Cal.App.4th 987, 996 (*Melbostad*) [order granting the defendants' anti-SLAPP motion "disposed of the entire case against defendants" and operated as the final judgment, without need for a further "formal" judgment]; *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 280 [deeming appeal untimely where the ruling on anti-SLAPP motion constituted a decision on the merits notwithstanding a later, "more 'formal' final order" on the special motion to strike the complaint].)

A panel of this court similarly concluded that it lacked jurisdiction over an appeal from a judgment of dismissal entered several months after the trial court had served its order granting anti-SLAPP motions to strike the complaint. (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 62, 65.) We explained that the issuance of the judgment of dismissal "had no effect" on the finality or appealability of the underlying SLAPP order but

14

"merely recapitulated the order granting the motions to strike and ordered the payment of attorney fees and costs, to be established by a separate motion." (*Id.* at p. 69.)

For these reasons, regardless of the subsequent entry of judgment and order for attorney fees, "the order granting [Prozan's] motion to strike was the final determination of the rights of the parties in this action." (*Melbostad*, *supra*, 165 Cal.App.4th at p. 996.) Had Hannon sought to appeal from the order granting Prozan's special motion to strike, the timeliness of that appeal would be calculated from the July 27, 2018 order granting the anti-SLAPP motion, not from the judgment entered several months later. (*Reyes*, *supra*, 55 Cal.App.5th at p. 69.)

We therefore disagree with Prozan's assertion—unsupported by any reference to authority—that had he filed the instant action after the granting of the SLAPP order and before issuance of the judgment, Hannon could have successfully demurred to the action because the last element of the offense had not been met. To the contrary, the filing of the order granting Prozan's motion to strike under section 425.16, resolved the underlying action in Prozan's favor, thus fulfilling the third and final element of a cause of action for malicious prosecution. (See *Lane*, *supra*, 20 Cal.App.5th at p. 67.)

The passage in *Rare Coin*, and in those cases that cite to it, referring to accrual of the cause of action at the time of entry of judgment does not dictate otherwise. (*Rare Coin*, *supra*, 202 Cal.App.3d at pp. 334–335 ["The cause of action [for malicious prosecution] accrues at the time of entry of judgment in the underlying action in the trial court."]; see also *Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, 688, disapproved of on other grounds by *Lee*, *supra*, 61 Cal.4th at p. 1239) [quoting *Roger Cleveland Golf Co.*].) The rule as stated is not inaccurate but rather incomplete.

The formulation in *Rare Coin* and similar cases fails to address circumstances in which "favorable termination" of the underlying action may precede any formal entry of judgment. Moreover, the court in *Rare Coin* set out the rule merely as background to the

15

issue before the court, which concerned the tolling period for a malicious prosecution claim when there is an appeal of the judgment in the underlying action. (*Rare Coin*, *supra*, 202 Cal.App.3d at pp. 333–334.) The specific question at issue was at what point is the appeal exhausted, thereby enabling the statute of limitations (which had tolled during the pendency of the appeal) to again start to run. (*Id.* at p. 335.) Since decisions are not authority for propositions not considered (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10), we do not look to *Rare Coin*'s recitation of the accrual rule as absolute authority on the matter.

In sum, the July 27, 2018 SLAPP order granting Prozan's special motion to strike the complaint in the underlying action "resolve[d] the merits of [the] cause of action." (*Varian*, *supra*, 35 Cal.4th at p. 193.) The order reflected the termination of the underlying action on the merits in favor of Prozan and satisfied (for purposes of establishing a factual basis to bring a cause of action) the favorable termination element of Prozan's malicious prosecution claim. (*Casa Herrera*, *supra*, 32 Cal.4th at pp. 341–342.) Consequently, " 'the occurrence of the last element essential to the cause of action' " (*Aryeh*, *supra*, 55 Cal.4th at p. 1191) for purposes of calculating the statute of limitations was not the entry of judgment but the order granting the anti-SLAPP motion. As of that date, Prozan had "discover[ed], or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission" (§ 340.6(a)) forming the basis of his malicious prosecution action against Hannon. Because the limitations period for Prozan's action against Hannon began to run the moment his malicious prosecution claim accrued (*Garcia*, *supra*, 42 Cal.App.5th at p. 1060), and Prozan failed to bring his malicious prosecution action "within one year" (§ 340.6(a)) of that date, his complaint is time-barred.

We now turn to the merits of the trial court's order granting summary judgment to Hannon. At the first step on review from a grant of summary judgment, we look to the issues framed by the pleadings (*Jones*, *supra*, 230 Cal.App.4th at p. 945) and note the

16

operative complaint in this case asserted no other causes of action, apart from that for malicious prosecution. Thus, the issues are entirely encompassed within the barred cause of action. Since the statute of limitations serves as a complete defense to Prozan's sole cause of action, Hannon met his burden of showing the malicious prosecution cause of action lacks merit. (§ 437c, subd. (*o*).) Furthermore, there is no triable issue of material fact as to the statute of limitations defense. (*Id.*, subd. (p)(2).) The trial court therefore correctly determined that Prozan's claim for malicious prosecution is barred by his failure to bring the claim against Hannon within one year as required by section 340.6(a), and Hannon is entitled to judgment as a matter of law. (§ 437c, subd. (c).)

## III. DISPOSITION

The judgment is affirmed. Defendant Hannon is entitled to recover his reasonable costs on appeal in this matter. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
                    Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Wilson, J.

**H049283**
***Prozan v. Hannon***